UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS TAMAYO JUNIOR,

                Plaintiff,

-against-

FBI; CIA,

                Defendants.

25-CV-1249 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his right to "privacy." (ECF 1, at 2.) Named as Defendants are the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"). By order dated February 19, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff alleges that the events giving rise to his claims occurred at his home on December 11, 2024. He alleges, "I was in my home with my family and someone started talking through my television. Later I realized that they are also doing the same over my phone. They taunt my saying, 'What are you going to do about it?'" (ECF 1, at 5.)

Plaintiff seeks $60,000 "for educational purposes." (*Id.* at 6.)

## DISCUSSION

### A.    Sovereign Immunity

The Court must dismiss Plaintiff's claims against the FBI and the CIA under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including any suits against any branch or part of a branch of the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Egypt v. United States*, No. 1:23-CV-2930 (JGLC) (SDA), 2024 WL 3236803, at *6 (S.D.N.Y. May 30, 2024) ("The Government, as sovereign, is generally immune from suit unless Congress has expressly waived that immunity."), *report & recommendation adopted*, 2024 WL 3236910 (S.D.N.Y. June 28, 2024); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such

immunity is waived."); *Hammer v. The Supreme Court of the United States*, No. 1:05-CV-4137 (RJH), 2005 WL 1946038, at *1 (S.D.N.Y. Aug. 11, 2005) ("The Federal Government, of which the Supreme Court is a branch, is entitled to sovereign immunity. As the Court does not discern any waiver embodied in the Constitution or the laws of Congress, the Supreme Court remains immune from suit." (citations omitted)).

Plaintiff alleges nothing to suggest that the doctrine of sovereign immunity has been waived with respect to his claims against any of the abovementioned federal government defendants. The Court therefore dismisses Plaintiff's claims against these defendants under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), Fed. R. Civ. P. 12(h)(3).

**B.    Frivolousness**

The Court also dismisses Plaintiff's claims as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

In the complaint, Plaintiff seeks money damages from the FBI and CIA because "someone started talking" to him and "taunt[ing]" him through his television and phone. (ECF 1, at 5.) The Court finds that, because Plaintiff does not provide any plausible factual support for his claims that the FBI and CIA are talking to him and taunting him through his television and phone, his claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft*

3

*v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

**C.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's complaint is frivolous and the defects in it cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), Fed. R. Civ. P. 12(h)(3), and as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 12, 2025
         New York, New York

                                                 */s/ Louis L. Stanton*
                                                       Louis L. Stanton
                                                           U.S.D.J.